# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**PATRICIA S. LEVEY,**

    **Plaintiff,**

v.                            No. CIV 98cv0221 JP/JHG

**KENNETH S. APFEL,**
**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

    This matter is before the Court on Plaintiff's (Levey's) Motion to Reverse and Remand Administrative Decision, filed October 26, 1998. The Commissioner responds this case should be remanded for further administrative action pursuant to sentence four of 42 U.S.C. § 205(g). Levey opposes this request, arguing the Commissioner has consented to her motion, the record is complete, and a remand would not correct the majority of the defects in the decision. The United States Magistrate Judge, having considered the arguments, pleadings, administrative record, relevant law, and being otherwise fully informed, finds this matter should be remanded to the Commissioner for further administrative action pursuant to sentence four of 42 U.S.C. § 205(g).

    The district court may remand a case pursuant to sentence four of 42 U.S.C. § 405(g) after passing on its merits and issuing a judgment, affirming, reversing, or modifying the Secretary's decision. *Melkonyan v. Sullivan*, 501 U.S. 89, 98, 111 S.Ct. 2157, 2163, 115 L.Ed.2d 78 (1991); *Nyguyen v. Shalala*, 43 F.3d 1400, 1403 (10th Cir. 1994). The Commissioner submits the ALJ failed

to discuss the medical findings of record with adequate specificity. After reviewing the merits of this case, the United States Magistrate Judge agrees. Review of the decision of the ALJ also establishes the Commissioner failed to meet his burden at step five. It is clear that the ALJ did not apply correct legal standards and substantial evidence does not support the decision. This case should thus be remanded pursuant to sentence four of 42 U.S.C. § 405(g).

In her reply, Levey argues the case should be remanded only for an award of benefits because the Commissioner consented to her motion, the record is complete, and a remand would not correct the majority of the defects in the decision. These arguments are without merit. The Commissioner did not consent to the motion because he filed a response in opposition to the motion. The United States Magistrate Judge has reviewed the record and determined it is not complete. Moreover, a remand may correct the defects in the decision. In addition, the United States Magistrate Judge notes that in her motion, Levey requested remand for further administrative proceedings in the alternative. The United States Magistrate Judge finds Levey's belated arguments in opposition to a remand for further administrative action are not persuasive.

Levey also requests that her case be assigned to a different ALJ on remand. In the absence of a showing of bias, the district court has no authority to order that the case be assigned to a different ALJ. *Miles v. Chater*; 84 F.3d 1397, 1400-01 (11th Cir. 1996). After carefully reviewing the entire record and the decision of the ALJ, the United States Magistrate Judge is unable to discern any indication of bias on the part of the ALJ. Social Security regulations do, however, provide a mechanism for raising this issue at the administrative level. 20 C.F.R. § 404.940. On remand, Levey may follow this procedure should she so choose.

**RECOMMENDED DISPOSITION**

This matter should be remanded to the Commissioner for further administrative action pursuant to sentence four of 42 U.S.C. § 205(g). On remand, the ALJ should, *inter alia,* consider and explain the weight given to opinions of all treating and examining health care providers of record, obtain the testimony of a medical expert to assist in determining the precise functional limitations imposed by Levey's impairments, obtain vocational expert testimony to determine whether there are jobs she can perform in light of her limitations, and further develop the issue of whether Levey's earning constituted substantial gainful activity to determine whether Levey is disabled within the meaning of the Social Security Act.

JOE H. GALVAN
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Within ten days after a party is served with a copy of these proposed findings and recommended disposition that party may, pursuant to 28 U.S.C. § 636 (b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.